UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KENDRICK MARSHALL RAY, )
)
    Petitioner, )
)
v. ) Nos. 1:11-CR-115-HSM-CHS-1
) 1:16-CV-141-HSM
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **MEMORANDUM OPINION**

Before the Court is the United States' motion to deny and dismiss Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 45]. Petitioner submitted the petition on May 16, 2016 [Doc. 40]. In it, he challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense

**I.     BACKGROUND**

In 2012, Petitioner pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) [Doc. 2 (indictment); Doc. 27 (notice of intent to plead guilty); Doc. 28 (factual basis)]. Based on prior Tennessee convictions for aggravated burglary, the United States Probation Office deemed Petitioner to be an armed career criminal subject to that provision's fifteen-year mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 20, 27, 28, 52]. Petitioner objected to the ACCA classification [Doc. 35] and this Court sustained that objection, leaving Petitioner subject to the ten year statutory maximum applicable to non-ACCA offenders under 18 U.S.C. § 924(a)(2). In accordance with that determination, on August 14, 2012, this Court sentenced Petitioner to 120 months' incarceration and three years' supervised release [Doc. 37]. Petitioner did not appeal and his conviction became final on August 28, 2012. *See, e.g.*, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

The Supreme Court decided *Johnson* on June 26, 2015. Less than one year later—on May 16, 2016, Petitioner filed the instant petition challenging his base offense level based on

---

level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

that decision [Doc. 40]. The United States responded in opposition to the § 2255 motion on June 20, 2016 [Doc. 43]; Petitioner replied to that response on July 5, 2016 [Doc. 44].

On March 6, 2017, the Supreme Court decided *Beckles* and held in that decision that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Id.* at 894. Shortly thereafter—on March 30, 2017, the United States filed the instant motion to dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles* [Doc. 45].

## II. MOTION TO DENY AND DISMISS WITH PREJUDICE

The United States filed the motion to deny and dismiss Petitioner's collateral in light of *Beckles* on March 30, 2016 [Doc. 45]. Petitioner has not filed a response and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). The unopposed motion to dismiss will be granted.

## III. CONCLUSION

Because *Beckles* forecloses *Johnson*-based collateral relief from Guideline enhancements and because this Court interprets Petitioner's failure to respond to the request for dismissal as a waiver of opposition, the United States' unopposed motion to deny and dismiss [Doc. 45] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 40] will be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner

leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

              */s/ Harry S. Mattice, Jr.*
              HARRY S. MATTICE, JR.
              UNITED STATES DISTRICT JUDGE